FILED
SUPERIOR COURT
OF GUAM

2025 NOV 13 PM 2:50

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

CHELSA DEANNE MUNA-BRECHT, ) DOMESTIC CASE NO. DM0343-17
)
Plaintiff, )
) DECISION AND ORDER
vs. )
)
CHRISTIAN S. BRECHT, )
)
Defendant. )
)
)
)

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on September 30, 2025. Attorney Daron J. Berman represented Defendant and Attorney Jeffrey A. Cook represented Plaintiff. The Court addressed Defendant's Motion to Clarify Court Orders and To Terminate Child Support. After having heard the Parties' arguments for the Motion, and then considering the Parties' pleadings, evidence and the record, the Court now issues the following written Decision and Order GRANTING the Motion.

### BACKGROUND

The Interlocutory Decree of Divorce was entered July 26, 2017. The Court entered the Final Decree of Divorce on December 7, 2022. Plaintiff and Defendant signed a Marital Settlement Agreement (MSA) which was incorporated by reference in both the Interlocutory and the Final Decree of Divorce. Defendant filed the Motion to Clarify Court Orders and To Terminate Child Support on May 22, 2025. Plaintiff filed an opposition on September 2, 2025.

### DISCUSSION

**I.     The Court finds that the Mortgage Payments are Child Support Payments**

Defendant argues that both children of the marriage are over the age of eighteen and as a result, any obligations of child support should terminate. Defendant further argues that the MSA

---

*Chelsa Deanne Muna-Brecht v. Christian S. Brecht,*
Decision and Order
Domestic Case No. DM0343-17

deems mortgage payments on the family house a portion of Defendant's child support obligation. Plaintiff argues that Defendant agreed to pay the mortgage and that the obligation does not terminate with the other child support obligations.

Defendant's child support obligations included: (a) fifty percent of the private tuition, (b) a split portion of extracurricular activities and (c) Defendant agreed to allot his "GI Bill" for the minor children. MSA ¶ 3. In a different section of the MSA, Defendant agreed to pay $1,100.00 per month on the ANZ mortgage. *Id* ¶ 9. The last sentence of section 9(b) provides "[p]ayment will be considered a portion of Husband's child support obligation". *Id*. Defendant agreed to these provisions even though the Parties agreed to joint legal and physical custody with Defendant having the children three days a week. *Id* ¶ 2.

The Parties made reference to communications and documents outside of the MSA in an effort to support their arguments. However, contract law limits the Court to the four corners of the document. The Court is required to apply contract principles to settlement agreements. *Blas v. Cruz*, 2009 Guam 12 ¶ 11. The Parties also acknowledged at oral argument for the motion, that outside evidence should only be considered where the contract is ambiguous. *Wasson v. Berg*, 2007 Guam 16 ¶¶ 11-17.

Here, the language is unambiguous and straightforward. The MSA may have benefited from additional details and a plan for the children becoming adults, but that does not make the very clear and direct sentence regarding the Defendant's obligation ambiguous. As a result, the Court will not look to any extrinsic evidence. The Court agrees with Defendant that if the MSA deemed the mortgage payments as a portion of the child support obligation, then that obligation ends with the children entering adulthood. The Court will not require Defendant to pay half of the mortgage in perpetuity.

## II.     The Court Further finds that Defendant has Child Support Arrears

The Court's determination that Defendant's mortgage payments were equivalent to a portion of his child support obligations raises one remaining issue. Defendant agreed to pay $1,100.00 toward a mortgage payment in lieu of a direct child support payment. Yet, and without

modifying the written MSA, he began paying $700.00 per month at some point while the children were still minors. This means that if that $1,100.00 was a portion of the monthly child support obligation, Defendant paid less than what was required under the MSA while the children were still minors. The MSA also makes it very clear that a written modification would be necessary to change the agreed upon terms. MSA ¶ 18. In whatever form the reduction of the mortgage payments took place, the Parties failed to amend the MSA in writing. As a result, the Defendant continued to be obligated to the $1,100.00 per month amount until the child support obligation terminated.

If the Court is going to grant Defendant's motion and enforce the terms of the MSA, the Court must also enforce the child support arrears. The Court will put on a hearing to address the arrears which under the MSA should be calculated as following: every month where Defendant paid $700.00 rather than $1,100.00 while at least one child was under the age of nineteen, the Court will consider the difference as still owing for each month. The child support statutes provide that payments for child support must end no later than when a child turns nineteen years old. 5 GCA § 34105.2(a). The youngest child turned nineteen on October 6, 2025. As a result, Defendant will be obligated to pay $400.00 for every month starting from the first month he began paying $700.00 on the mortgage until October 2025. After October 2025, Defendant's child support obligations end pursuant to the MSA and operation of 5 GCA § 34105.2(a). The MSA is silent on when the child support obligation will end, so the Court will rely on 5 GCA § 34105.2(a) to determine the ending of the obligation for Defendant to pay child support.

/    /

## CONCLUSION

The Court, GRANTS Defendant's Motion's to Terminate Child Support as of October 2025 and Defendant is no longer obligated to pay mortgage payments. Yet, Defendant has not yet completed past due child support amounts based on lower payments than what was agreed upon in the MSA. The Parties will return to Court to address the form and amount of the arrearages on December 17, 2025 at 9:00am.

So ORDERED this 13th day of November, 2025.

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM